IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Joe Lewis, #286070, | C/A No.: 1:12-02584-SB-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Leroy Cartledge, Warden McCormick Correctional Institution, | |
| Respondent. | |

Petitioner Bobby Joe Lewis is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return [Entry #24, 28] and motion for summary judgment. [Entry #25]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by April 15, 2013. [Entry #26]. Petitioner filed a timely response. [Entry #29].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.      Procedural Background

Petitioner was originally indicted by the State Grand Jury on February 21, 2002, for (1) conspiracy to traffic methamphetamine, (2) trafficking methamphetamine, and (3) possession with intent to distribute methamphetamine (2002-GS-47-17-01). [Entry #28-3 at 23–24]. A superseding indictment was filed on June 13, 2002, for (1) conspiracy to traffic methamphetamine and (2) trafficking methamphetamine. [*Id.* at 25–26]. Petitioner was represented by Kenneth Sowell, Esq., at trial July 22–26, 2002 before the Honorable Wyatt T. Saunders Jr., Circuit Court Judge. [Entry #24-1 at 3 *et seq*.]. Petitioner's first trial in April 2002 ended in a mistrial due to a deadlocked jury. [Entry #24-8 at 31 *et seq*.]. On July 26, 2002, Petitioner was found guilty as charged in the superseding indictment [Entry #24-8 at 19], and Judge Saunders sentenced Petitioner to concurrent sentences of 25 years for conspiracy and 10 years for trafficking. [Entry #24-8 at 28–29].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals").  On appeal, Petitioner was represented by Eleanor Duffy Cleary of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed an *Anders*[1] brief raising the following issue: "Whether the charges against appellant should be dismissed because of the state's violation of Rule 5,

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

SCRCrimP, and Brady v. Maryland, *infra*?" [Entry #28-4 at 4]. Attorney Cleary certified to the court that the appeal was without merit and asked to be relieved as counsel. [Entry #28-4 at 10]. It appears that Petitioner did not file a pro se response to the *Anders* brief.[2]

On May 4, 2004, the Court of Appeals dismissed Petitioner's appeal pursuant to the *Anders* procedure and granted counsel's motion to be relieved. [Entry #28-5]. Petitioner did not file a petition for rehearing, nor seek certiorari in the South Carolina Supreme Court.  The remittitur was issued on June 7, 2004. [Entry #28-6].

Petitioner filed an application for post-conviction relief ("PCR") on April 12, 2005, in which he alleged ineffective assistance of counsel. [Entry #28-3 at 29–73].  A PCR evidentiary hearing was held before the Honorable J. Cordell Maddox Jr. on August 15, 2006, at which Petitioner and his counsel, Jason Sturkie, Esq., appeared and argued Petitioner's claim for ineffective assistance of counsel. [Entry #28-3 at 79–114].   On February 7, 2007, Judge Maddox entered an order of dismissal. [Entry #28-7].  Petitioner timely filed a notice of appeal from the denial of PCR.

Assistant Appellate Defender Kathrine H. Hudgins of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and on October 17, 2007, filed a *Johnson* petition for writ of certiorari [Entry #28-8] in the South Carolina Supreme Court raising the following issue: "Did the PCR

---

[2] The South Carolina Court of Appeals' opinion states that Petitioner filed a pro se response to the *Anders* Brief. However, the state claims no responsive brief was served on it, nor contained in the Court of Appeals' archives. [Entry#24 at 2]. Thus, it appears that no pro se response was filed or, if filed, it no longer exists.

judge err in refusing to find trial counsel ineffective for failing to obtain a valid waiver of the attorney's conflict of interest in representing Kenneth Curtis, in an unrelated criminal matter, when Curtis testified against the defendant at trial and testified that he furnished the money used to pay the defendant's legal fees?" [Entry #28-8 at 3]. Attorney Hudgins petitioned to be relieved as counsel. [Entry #28-8 at 9]. Petitioner filed a pro se response to the *Johnson* petition. [Entry #28-9].

On June 12, 2008, the Supreme Court of South Carolina denied certiorari and granted counsel's petition to withdraw. [Entry #28-10]. The remittitur issued on June 30, 2008. [Entry #28-11].

Petitioner filed two successive PCR applications: on January 26, 2009 (2009-CP-24-111) [Entry #28-12] and on March 19, 2009 (2009-CP-24-386) [Entry #28-14]. Upon the state's motion, Judge D. Garrison Hill filed an order on August 10, 2009, merging the two proceedings and construing second application as an amendment to the first application. [Entry #1-2 at 55–56]. Thereafter, Judge Frank R. Addy Jr. entered a conditional order of dismissal on January 20, 2012, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as untimely and successive. [Entry #28-15]. On January 30, 2012, Petitioner filed a pro se response, contending that he had "newly discovered evidence" in the form of the South Carolina Supreme Court's ruling in *State v. Sowell*, 370 S.C. 330, 635 S.E.2d 81 (2006), that entitled him to a new evidentiary hearing. [Entry #28-17].

The PCR court dismissed Petitioner's merged application on February 27, 2012. [Entry #28-18]. On or about March 21, 2012, Petitioner filed a notice of appeal and a "Rule 243 Petition to Allow Appellate Review" in the South Carolina Supreme Court. [Entry #28-20]. The Supreme Court filed an Order on May 3, 2012, dismissing the appeal after finding that Petitioner failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. [Entry #28-21]. The order indicated that the remittitur would be sent as provided by Rule 221(b), SCACR.[3] *Id.*

Petitioner filed this federal petition for a writ of habeas corpus on September 4, 2012. [Entry #1-1 at 1].[4]

II.     Discussion

    A.     Federal Habeas Issues

Petitioner states the following two grounds in his habeas petition:

**Ground One:**     Ineffective assistance of counsel.

> Supporting Facts: "Applicant contends that his trial counsel was ineffective for failing to add his alibi witness to the witness list. See Transcript at p. 6. Also counsel failed to serve notice of alibi on the witness: at p. 16 (Trpt.) counsel violated right to provide an alibi witness on applicant behalf."

---

[3] The State represents that the remittitur was issued on May 31, 2012 [Entry #24 at 9], although the undersigned has been unable to find a copy of the remittitur in the record.

[4] The petition was received by the court on September 6, 2012, and docketed on September 7, 2012. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). There is no date stamp from McCormick Correctional mailing system. However, Petitioner provided a Certificate of Service of September 4, 2012, which is the date the court construes as the date his petition was deposited in the McCormick Correctional mailing system. [Entry #1-4 at 1].

**Ground Two:**   Newly discovered evidence—violation of Rule 5 motion.

Supporting Facts: "Rule 5 was part of that first trial. The court(s) rule a mistrial and then excluded the Rule 5 document but continued to proceed, which violated discovery rule. Sowell was found in contempt, wrongness deprived applicant of his Constitutional rights, which is a violation of Section 17-27-20(4)."

[Entry #1 at 7–10].

### B. Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is

appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    C.    Analysis

        1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing

procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[5]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a

---

[5] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

9

postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of

10

establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[6]

Petitioner was found guilty and was sentenced on July 26, 2002. [Entry #24-8 at 19]. He filed an *Anders* appeal, which was denied by the Court of Appeals on May 4, 2004. [Entry #28-5]. After the dismissal by the Court of Appeals, Petitioner did not

---

[6] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

11

petition the South Carolina Supreme Court for certiorari. To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals.").

Because Petitioner did not file a Petition for Rehearing, his conviction became final on May 19, 2004, after the time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for rehearing must be actually received by the appellate court no later than 15 days after the filing of the opinion, order, judgment, or decree of the court). Petitioner's filing of his first PCR application on April 12, 2005, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 327 days had elapsed when Petitioner filed his PCR application, leaving 38 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on June 12, 2008. The statute of limitations resumed on June 13, 2008, and expired 38 days later, on July 21, 2008. Petitioner did not file his habeas action until September 4, 2012, over four years after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

12

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3.    Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a.    Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this Petition in no manner suggests that he diligently pursued his rights. Petitioner appears to argue in his response [Entry #29] that he is entitled to equitable tolling because of his pursuit of successive PCR applications and appeals therefrom that did not conclude until 2012. However, the law does not support Petitioner's argument. The filing of Petitioner's successive PCR applications on January 26, 2009, and March 19, 2009, did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not

13

"properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

            b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has

not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

August 27, 2013                             Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).