IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2014 FEB -6 P 3: 43

Bobby Joe Lewis, #286070,

　　　　Petitioner,

v.

Civil Action No. 1:12-2584-SB

Leroy Cartledge, Warden McCormick Correctional Institution,

　　　　Respondent.

**ORDER**



This matter is before the Court on Bobby Joe Lewis's ("Lewis" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes the report and recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636(b) and the Local Rules for this District. In the R&R, the Magistrate Judge finds that Lewis did not timely file the instant section 2254 petition is untimely, and she recommends that the Court grant the Respondent's motion for summary judgment. Attached to the R&R was a notice advising the parties of the right to file written objections to the R&R within fourteen days of being served with a copy of the report. See 28 U.S.C. § 636(b)(1). The Petitioner filed written objections to the R&R, and the matter is ripe for review.

**STANDARD OF REVIEW**

**I.    The Magistrate Judge's R&R**

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made

and the basis for those objections. Id. After a review of the record, including the R&R and the Petitioner's response, the Court finds that the Magistrate Judge adequately and accurately summarized the facts and applied the correct principles of law.

## II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

### I. The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by

2

>    State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

In South Carolina, pursuant to Rule 203(b)(2) of the South Carolina Appellate Court Rules, a defendant must file a notice of direct appeal within ten days of his conviction. Thus, if a defendant does not file a direct appeal, then his conviction becomes final ten days after the adjudication of guilt. On the other hand, if a defendant does file a direct appeal, and if his conviction is affirmed, then the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris v. Hutchinson, 209 F.3d 325, 327-28, n.1 (4th Cir. 2000).

Additionally, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in state court

3

habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time during which the United States Supreme Court considers a petition for certiorari, is tolled." Crawley v. Catoe, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

Here, the Petitioner was found guilty and was sentenced on July 26, 2002. He filed an Anders appeal, which the South Carolina Court of Appeals denied on May 4, 2004. After the Court of Appeals' dismissal, the Petitioner did not seek a writ of certiorari from the South Carolina Supreme Court. Before pursuing review with the South Carolina Supreme Court by petitioning for a writ of certiorari, the Petitioner would have been required to first petition the Court of Appeals for rehearing pursuant to Rule 242(c) of the South Carolina Appellate Court Rules, which provides that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals." The Petitioner did not petition the Court of Appeals for rehearing, and therefore, his conviction became final on May 19, 2004, after the time for filing a petition for rehearing expired (no later than fifteen days after the filing of the opinion or order of the court). Although the Petitioner's filing of his first

4

post-conviction relief ("PCR") application on April 12, 2005, tolled the one-year limitations period, 327 days of time had elapsed. The statute remained tolled until the South Carolina Supreme Court denied certiorari on June 12, 2008. On June 13, 2008, the statute began to run again, and it expired 38 days later, on July 21, 2008. The Petitioner did not file the instant section 2254 petition until September 4, 2012, over four years after the statute of limitations had run.[1]

In his objections, the Petitioner asks for an evidentiary hearing and rehashes his claims, arguing that his trial counsel was ineffective and that he is entitled to a new trial. Importantly, however, the Petitioner does not respond to the Magistrate Judge's recommendation that this case be dismissed as untimely. Nor does he assert that he is entitled to equitable tolling of the statute of limitations. With regard to the latter issue, a petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also

---

[1] The Petitioner filed two successive PCR applications on January 26, 2009, and March 19, 2009. These petitions were merged, and on January 20, 2012, Judge Frank R. Addy Jr. entered a conditional order of dismissal finding the application untimely and successive and giving the Petitioner 20 days to explain why the petition should not be dismisses as untimely and successive. The Petitioner filed a pro se response asserting that he had newly discovered evidence, but on February 27, 2012, the PCR court dismissed the Petitioner's application. The Petitioner appealed, but the Supreme Court filed an order on May 3, 2012, dismissing the appeal.

United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same).

After review, the Court agrees with the Magistrate Judge's analysis and finds the Petitioner's objections without merit. For the reasons set forth herein and in the Magistrate Judge's R&R, the Court finds the instant section 2254 petition to be untimely pursuant to the statute of limitations, and the Court finds that the Petitioner has not demonstrated that he is entitled to equitable tolling. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 32) is adopted and incorporated herein; the Petitioner's objections (Entry 37) are overruled; and the Defendant's motion for summary judgment (Entry 25) is granted.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

Charleston, South Carolina
February 6, 2014

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

6